UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

JAMES H. HIGGASON, JR., )
)
        Plaintiff, )
)
    vs. )   CAUSE NO. 3:17-CV-752 PPS
)
ROBERT CARTER, )
)
        Defendant. )

OPINION AND ORDER

James H. Higgason, Jr., a prisoner without a lawyer, filed this lawsuit without paying the filing fee. He did not seek to proceed in forma pauperis, but because he has filed multiple prior actions that were dismissed on the grounds that they were frivolous, malicious, or failed to state a claim upon which relief could be granted (ECF 1-1 at 6), he is barred from doing so by 28 U.S.C. § 1915(g) except for claims alleging that he is in imminent danger of serious physical injury. The imminent danger exception is available for "genuine emergencies" where time is pressing and the threat is real and proximate. *Heimermann v. Litscher*, 337 F.3d 781, 782 (7th Cir. 2003) (per curiam). "Allegations of past harm do not suffice; the harm must be imminent or occurring at the time the complaint is filed." *Ciarpaglini v. Saini*, 352 F.3d 328, 330 (7th Cir. 2003).

In his complaint, Higgason names twenty-one defendants and makes allegations about many past events. However, claims for monetary damages based on past events are not genuine emergencies because the harm has already occurred and there is no real and proximate threat. Therefore, he may not proceed on any of those claims in this case.

Although Higgason cannot proceed on his claims based on past events, he may proceed on claims based on current events which expose him to a real and proximate threat of serious physical injury. Here, Higgason makes one such claim. He alleges he is missing a dental crown that needs to be replaced. "A document filed pro se is to be liberally construed, and a pro se complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers . . .." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007). Therefore, he may proceed against Commissioner Robert Carter on an injunctive relief claim to replace his dental crown as required by the Eighth Amendment.

For these reasons, the court:

(1) **GRANTS** James H. Higgason, Jr., leave to proceed against Commissioner Robert Carter on an injunctive relief claim to replace his dental crown as required by the Eighth Amendment;

(2) **DISMISSES** all other claims **WITHOUT PREJUDICE**;

(3) **DISMISSES** D. Tucker, Russell, Stetz, T. Sterling, K. Smith, J. Koons, Rojas, J. Collingsworth, F. Schaeffner, B. Myers, B. Leffert, J. Prater, J. Crousore, G. Porter, B. Click, S. Hall, E. Samuelson, M. Clark, T. Nice, and Sgt. Kochensparger;

(4) **DIRECTS** the clerk and the United States Marshals Service to issue and serve process on Commissioner Robert Carter with a copy of this order and the complaint (ECF 1) as required by 28 U.S.C. § 1915(d); and

(5) **ORDERS**, pursuant to 42 U.S.C. § 1997e(g)(2), Commissioner Robert Carter to respond, as provided for in the Federal Rules of Civil Procedure and N.D. Ind. L.R. 10-1(b), only to the claim for which the plaintiff has been granted leave to proceed in this screening

order.

ENTERED: October 5, 2017

/s/ Philip Simon
Judge
United States District Court