UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

| | |
|---|---|
| JAMES H. HIGGASON, JR., | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | ) CAUSE NO. 3:17-CV-752 PPS |
| | ) |
| ROBERT CARTER, | ) |
| | ) |
| Defendant. | ) |

OPINION AND ORDER

James H. Higgason, Jr., a prisoner without a lawyer, filed a motion asking to file an amended complaint. Although leave to amend should be freely granted under Federal Rule of Civil Procedure 15(a), "that does not mean it must always be given." *Hukic v. Aurora Loan Servs.*, 588 F.3d 420, 432 (7th Cir. 2009). "[C]ourts have broad discretion to deny leave to amend where there is undue delay, bad faith, dilatory motive, repeated failure to cure deficiencies, undue prejudice to the defendants, or where the amendment would be futile." *Id.* Here, the proposed amendment would be futile.

Higgason did not pay the filing fee and he is well aware that U.S.C. § 1915(g) prevents him from proceeding in forma pauperis except for claims alleging that he is in imminent danger of serious physical injury. *See* ECF 1-1, 3, 11, and 17. *See also Higgason v. Corizon*, 3:17-CV-496 (N.D. Ind. filed June 22, 2017) and *Higgason v. Carter*, 3:17-CV-751 (N.D. Ind. filed October 2, 2017). To meet the imminent danger standard, the threat complained of must be real and proximate. *Ciarpaglini v. Saini*, 352 F.3d 328, 330 (7th

Cir. 2003). Only "genuine emergencies" qualify as a basis for circumventing § 1915(g). *Lewis v. Sullivan*, 279 F.3d 526, 531 (7th Cir. 2002). Currently, he is proceeding solely against Commissioner Robert Carter on an injunctive relief claim to replace a dental crown.

The original complaint also included monetary damage claims against 20 other defendants. I dismissed them in my screening order and then denied Higgason's motion to reconsider because claims arising solely out of past events are not genuine, proximate emergencies. *See* ECF 3 and 17. The proposed amended complaint attempts to add back these 20 defendants and restore these dismissed claims. Allowing such an amendment would be futile. The proposed amended complaint also seeks to add 5 new defendants based on past events. These new claims are not meaningfully different than the claims against the 20 other defendants which I already dismissed. Adding them would also be futile.

Higgason argues that because he has been assaulted by guards in the past, he is in imminent danger of assault by any number of unknown guards in the future. To the extent these allegations might state a claim, it is unrelated to the dental issue in this case. Therefore they cannot be joined together. *See Owens v. Evans*, 878 F.3d 559, 566 (7th Cir. 2017) (Admonishing district courts to dismiss improperly joined claims and defendants.). Moreover, such a claim would have to be raised in the United States District Court for the Southern District of Indiana because he is housed at the Pendleton Correctional Facility which is located within the geographical boundaries of that court.

For these reasons, the motion to amend (ECF 22) is **DENIED**.

**SO ORDERED** on January 25, 2018

/s/ Philip P. Simon
JUDGE
UNITED STATES DISTRICT COURT