UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

| | | |
|---|---|---|
| JAMES H. HIGGASON, JR., | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | CAUSE NO. 3:17-CV-752 PPS |
| | ) | |
| ROBERT CARTER, | ) | |
| | ) | |
| Defendant. | ) | |

OPINION AND ORDER

James H. Higgason, Jr., a prisoner without a lawyer, is proceeding in this case on an injunctive relief claim that he is in imminent danger of serious physical injury because he has been missing a dental crown since March 21, 2017. The defendant filed a motion for summary judgment, arguing Higgason failed to exhaust his administrative remedies, as required by 42 U.S.C. § 1997e(a). (ECF 33.) "Exhaustion is explicitly required by the Prison Litigation Reform Act, 42 U.S.C. § 1997e(a), and there is no exception for prisoners who allege 'imminent danger' in order to be excused from having to pay the entire filing fee at the time the suit is brought. Imminent danger excuses only that, and not the duty to exhaust as well." *Fletcher v. Menard Corr. Ctr.*, 623 F.3d 1171, 1173 (7th Cir. 2010) (citations omitted).

Summary judgment must be granted when "there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." FED. R. CIV. P. 56(a). A genuine issue of material fact exists when "the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Anderson v. Liberty*

*Lobby, Inc.*, 477 U.S. 242, 248 (1986). To determine whether a genuine issue of material fact exists, I must construe all facts in the light most favorable to the non-moving party and draw all reasonable inferences in that party's favor. *Heft v. Moore*, 351 F.3d 278, 282 (7th Cir. 2003). However, a party opposing a properly supported summary judgment motion may not rely merely on allegations or denials in its own pleading, but rather must "marshal and present the court with the evidence she contends will prove her case." *Goodman v. Nat'l Sec. Agency, Inc.*, 621 F.3d 651, 654 (7th Cir. 2010).

Pursuant to the Prison Litigation Reform Act, prisoners are prohibited from bringing an action in federal court with respect to prison conditions "until such administrative remedies as are available are exhausted." 42 U.S.C. § 1997e(a). The failure to exhaust is an affirmative defense on which the defendant bears the burden of proof. *Dole v. Chandler*, 438 F.3d 804, 809 (7th Cir. 2006). The U.S. Court of Appeals for the Seventh Circuit has taken a "strict compliance approach to exhaustion." *Id.* Thus, "[t]o exhaust remedies, a prisoner must file complaints and appeals in the place, and at the time, the prison's administrative rules require." *Pozo v. McCaughtry*, 286 F.3d 1022, 1025 (7th Cir. 2002). "[A] prisoner who does not properly take each step within the administrative process has failed to exhaust state remedies." *Id.* at 1024.

In support of the summary judgment motion, the defendant submitted the declaration of Angela Heishman. She declared, "I have examined a history of grievances for Offender Higgason and his returned grievances, to determine whether Offender Higgason filed a formal grievance or formal appeal regarding Commissioner

Carter or his dental crown [and] Offender Higgason did not file a formal grievance or formal appeal regarding Commissioner Carter or his dental crown." ECF 25-1 at 4.

In response, Higgason argues no administrative remedies existed because "[a]n excessive physical force claim is not a matter that is appropriate for the Offender Grievance Process." ECF 34 at 2. Higgason argues his dental crown was knocked out by a guard using excessive force. However, this case is not about excessive force or how he lost his crown. This case is only about his need for dental treatment.

Higgason argues, "[t]he replacement of Higgason's lost/missing dental crown is not a matter that's appropriate for the Offender Grievance Process, because the dental staff that is employed by the Indiana Department of Corrections (IDOC), is not under contract to provide prisoners with a dental crown." ECF 34 at 2. However, "[e]xhaustion is necessary even if the prisoner is requesting relief that the relevant administrative review board has no power to grant, such as monetary damages, or if the prisoner believes that exhaustion is futile. The sole objective of [42 U.S.C.] § 1997e(a) is to permit the prison's administrative process to run its course before litigation begins." *Dole v. Chandler*, 438 F.3d 804, 808-809 (7th Cir. 2006) (citations and quotation marks omitted).

Finally, Higgason offers a grievance he submitted on February 23, 2018, which was rejected by prison officials for various reasons. This document is meaningless for two reasons. First, it is not complaining about a need for dental care related to the missing crown at issue in this case. Second, it was filed more than five months after this lawsuit was filed. As the Seventh Circuit has explained, "[s]ection 1997e(a) says that

exhaustion must *precede* litigation. *Ford v. Johnson*, 362 F.3d 395, 398 (7th Cir. 2004) (emphasis added). "[A] suit filed by a prisoner before administrative remedies have been exhausted must be dismissed . . . even if the prisoner exhausts intra-prison remedies before judgment." *Perez v. Wisconsin Dep't of Corr.*, 182 F.3d 532, 535 (7th Cir. 1999).

Therefore summary judgment must be granted and this case closed. Higgason cannot obtain relief for his dental problem in this case, but that does not mean he is without any possible remedy. To the extent he continues to have a dental problem because he has an exposed, uncrowned tooth, he can file a grievance about that today. In his grievance he needs to describe his problem and ask for dental treatment for that tooth. Hopefully, his grievance will be successful and he will obtain dental treatment for the uncrowned tooth. However, if he does not, he may then file another lawsuit after he has exhausted his administrative remedies by appealing to the final step.

For these reasons, the motion for summary judgment (ECF 23) is GRANTED. The clerk is DIRECTED to enter judgment and close this case.

SO ORDERED ON May 21, 2018.

/s/ Philip P. Simon
JUDGE
UNITED STATES DISTRICT COURT